HARDY, Judge.
Plaintiff municipality brought this action to expropriate a piece of property owned by *697 defendants to be included in the development and construction of a civic center. After trial there was judgment adjudicating the property to the plaintiff and fixing the value thereof in the principal sum of $21,500.00, being the amount tendered by plaintiff prior to institution of suit. From this judgment the defendants have appealed.
The sole issue presented relates to the value of the property expropriated. Certain questions of law material to the fixing of value have been urged on this appeal. The identical legal principles were considered and determined by this court in City of Monroe v. Nastasi (2nd Cir., 1965, writs denied), 175 So.2d 681. In the cited case we concluded that property adapted to commercial use would be subject to increasing demand by reason of its location with relation to a new Interstate Highway; that the existing restriction of valuation on the basis of present zoning regulations must yield to a higher valuation on the basis of commercial use in those cases in which there existed a reasonable possibility of a change in zoning classification. These findings are entirely appropriate to and must govern the basis of valuation in the present case.
The appraisals made by plaintiff’s experts, upon which it predicated the tender of $21,500.00, resulted from their assumption that the highest and best use of the property involved was for multiple residence occupancy.
On the other hand, the experts who appraised the property and testified on behalf of defendants considered the highest and best use to be of a commercial nature, and, therefore, arrived at their respective valuations in accordance with a square foot value indicated by sales of comparable properties for commercial use.
As in the Nastasi case the most appropriate comparable was the private sale of three parcels of property some two blocks west and one block south of the property concerned in this suit, made by the owners to the Gulf Oil Corporation for a total consideration of $76,000.00, equivalent to $3.49 per square foot, including improvements.
The subject property in this case is located on the comer of Oak and Seventh Streets in the City of Monroe, rectangular in shape and measuring approximately 150 feet on Oak Street by 136 feet on Seventh Street, bounded on the north by an alley, containing something in excess of 20,500 square feet. There are five rental houses located on the property which is one block north of the new Interstate-20 Highway and adjacent to two ramps respectively providing entrance to and exit from the highway.
The testimony of defendants’ experts satisfactorily establishes the essential factors for valuation, namely that the location of the property is admirably adapted to commercial use, particularly in the nature of automobile service stations, for which there is an increasing demand by reason of the new highway construction. The actual valuations of the three experts who testified on behalf of defendants were fixed at $45,000.00, $61,500.00, and $71,000.00 respectively. After study of the testimony, we have concluded that the valuation fixed by one of these witnesses, Mr. Lawrence L. May, a qualified realtor and expert appraiser with an impressive background of experience in evaluating properties in condemnation proceedings, is based upon sounder reasoning and more equitable considerations than those of the other experts. This witness did not consider the subject property to be as valuable as the property purchased by the Gulf Refining Company because the latter was nearer the downtown section of Monroe, and he estimated the value of the subject property as being $2.95 per square foot, or 15% less than the average price paid by Gulf Refining Company. This square foot valuation, plus an allowance of $1,000.00, representing salvage value of the improvements, made up a total value of $61,500.00, which we think represents a fair and reasonable value of the property taken.
*698 For the reasons assigned the judgment appealed from is amended and partially recast to read as follows:
It is ordered, adjudged and decreed that the true value of the property, together with all improvements located thereon, owned by the defendants, Lena Carso, Joseph Samuel Carso, John Joseph Carso, Marion George Carso and Josephine Carso, and herein sought to be expropriated, is fixed at the sum of Sixty-one Thousand Five Hundred and No/100 ($61,500.00) Dollars.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, the City of Monroe, and against the defendants, Lena Carso, Joseph Samuel Carso, John Joseph Carso, Marion George Carso and Josephine Carso, adjudicating unto the City of Monroe the following described property, together with all improvements located thereon, owned by the defendants and situated in the City of Monroe, Parish of Ouachita, State of Louisiana, to-wit:
Lots 7 and 8 of Square 15 of Hart’s Addition to the City of Monroe, Louisiana, said lots fronting 150 feet on Oak Street and running back in said Square 15 between parallel lines, one of which is Seventh Street, a distance of 136 feet to an alley, being the same property acquired by Sam Carso from Johnston B. Gordon on February 16, 1938, by deed recorded in Conveyance Book 264, page 687 of the public records of Ouachita Parish, Louisiana,
free and clear of all encumbrances, upon payment into the Registry of the Fourth Judicial District Court in and for the Parish of Ouachita, State of Louisiana, of the sum of Sixty-one Thousand Five Hundred and No/100 ($61,500.00) Dollars, with interest thereon at the legal rate from date of December 7, 1964, until said deposit is made.
Otherwise the judgment of the district court is affirmed and plaintiff-appellee is assessed with all taxable costs incurred in these proceedings in all courts.